**UNITED STATES v. PRICE.**
**Cr. No. 15657.**

United States District Court
E. D. Tennessee, N. D.
June 29, 1954.

John C. Crawford, Jr., U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Chas. H. Davis, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant, Lennis Luther Price, was indicted by the Grand Jury under Title 18 U.S.C. § 874, commonly known as the kick-back statute. Prior to the time the jury was impaneled his attorney gave notice to the Court that he would file a motion to quash the indictment. After the jury was impaneled and oral proof heard, defendant's attorney moved to quash the three counts of the indictment for failure to charge that defendant was either the employer or a person vested

594

by the employer with authority to hire or fire the employees from whom defendant was charged with having extorted money. This motion was overruled.

At the close of the Government's proof, the defendant moved for dismissal upon several grounds, including the one stated above. This motion, also, was overruled. It was renewed at the close of all the proof and again overruled, and the jury returned a verdict of guilty on each of the three counts.

Defendant has filed timely motion for a new trial. The motion states seven grounds in its support but the one which the Court conceives to be controlling is that the Court erred in overruling defendant's motion for judgment of acquittal made at the end of all the proof.

The proof showed that the defendant was an employee of the Tennessee Valley Authority and working on the Kingston Steam Plant project, a federally financed job. He was a lather and a member of the lather's union, described in the record as Local No. 255 of the Wood, Wire & Metal Lather's Union. It further appears that whenever there remained but one union man on the job the union designated him as foreman and by force of union regulations he became the shop steward; that over some period of time defendant was the only union man on the job; that there were times when other union men were on the job, including a shop steward; that during some several months on each pay day defendant collected $2 per day from Rubel Estel Simmons, Jess Willard Douglass and Warren Edward Wagner; that he collected this money upon the statements made by him that it was necessary for them to pay these amounts in order to secure and retain the emergency permits obtained from the union in order for them to work on the Kingston Steam Plant project. The men paid the amounts because they were thus led to believe that the payments were necessary to their securing and retaining jobs. These statements by the defendant were false and made in order to fleece the three named fellow-employees out of their money.

There is no evidence in the record that defendant was designated by the Tennessee Valley Authority as a foreman or any other sort of supervisor. He was simply an employee, like the three named employees from whom he wrongfully collected money.

Title 18 U.S.C. § 874, provides:

"Whoever, by force, intimidation, or threat of procuring dismissal from employment, or by any other manner whatsoever induces any person employed in the construction, prosecution, completion or repair of any public building, public work, or building or work financed in whole or in part by loans or grants from the United States, to give up any part of the compensation to which he is entitled under his contract of employment, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

In the case of United States v. Carbone, 327 U.S. 633, at page 637, 66 S.Ct. 734, 90 L.Ed. 904 et seq., the Supreme Court reviewed the legislative history of the kick-back statute with especial reference to the purpose for which it was enacted. At page 639 of 327 U.S., at page 737 of 66 S.Ct., the Court said:

"It is thus apparent that the purpose of the Act is to insure that workers on federal projects shall receive the full wages to which they are entitled from their employers, many of whom had been found to be depriving the workers of their rights in this respect."

The evil intended to be stopped is described, 327 U.S. at page 638, 66 S.Ct. at page 736, as the extraction of large sums of money " 'from the pockets of American labor, to enrich contractors, subcontractors, and their officials.' "

The evil in labor parlance was known as the "kick-back." By reason of power exercised by employers and other officials over employees, the workers were compelled to turn back to their em-

ployers, or to their agents, a part of the wages earned by the workers under their employment contracts.

In United States v. Laudani, 320 U.S. 543, 64 S.Ct. 315, 88 L.Ed. 300, the Court held that a foreman of the employer was within the purview of the Act and that one who by reason of his position of authority deprived workers of the full benefit of their contracts violated the Act. 320 U.S. at page 547, 64 S.Ct. at page 317, the Court said,

> "Foremen vested with full power to employ and discharge subordinates could frustrate the objective of the Act just as effectively as could their employers, and foremen not given such broad powers might nevertheless be able to use their authority to accomplish the same result."

A reasonable construction to be placed upon the Act and upon the Supreme Court opinions herein mentioned is to the effect that the evil against which employees were intended to be protected was deprivation of some right which the employee had under his employment contract by the employer or persons placed in positions of authority by the employer, and that the Act was not intended to protect employees from racketeers within the ranks of labor or fellow-employees engaged in their own private schemes of blackmail.

Although the evidence shows that defendant's conduct was of a racketeer type, his offense is not covered by the Federal kick-back statute under which he was prosecuted.

Since defendant failed to renew his motion for acquittal within five days after the discharge of the jury, as provided for under Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., the Court is without authority to enter judgment of acquittal at this time. The Court does, however, for the reasons herein indicated, grant the motion for a new trial.

An order will be entered accordingly.